UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
ARCADIO GONZALEZ,

                      Petitioner,

      v.

WILLIAMS LEE, Superintendent, *Green Haven Correctional Facility*,[1]

                      Respondent.
-----------------------------------------------------------------

**MEMORANDUM & ORDER**
11-CV-5618 (MKB) (AYS)

MARGO K. BRODIE, United States District Judge:

      Petitioner Arcadio Gonzalez, proceeding *pro se* and currently incarcerated at Sing Sing Correctional Facility in Ossining, New York, brings the above-captioned action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254(d). (Pet., Docket Entry No. 1.) Petitioner's grounds for relief arise from a judgment of conviction in New York Supreme Court, County of Suffolk (the "State Court"), for manslaughter in the first degree and two counts of criminal possession of a weapon in the second degree in violation of New York Penal Law ("N.Y.P.L.") §§ 125.20(1) and 265.03(2), (3). (Answer ¶ 3, annexed to Mot. for Extension of Time to File Answer as Ex. 1, Docket Entry No. 15-1.) Petitioner alleges that: (1) his guilty plea was invalid because it failed to establish that he intended to kill his victim, a requisite element of manslaughter in the first degree, pursuant to New York Penal Law § 125.20(1), (Pet. 7–8), and (2) he received ineffective

---

[1] Although Williams Lee may no longer be the appropriate respondent, the Court declines to substitute another official. At the time the Court received the petition on September 23, 2011, Lee was the appropriate respondent because Petitioner was "in custody under a state-court judgment," and Lee was the "the state officer who ha[d] custody." Rule 2(a) Gov'g § 2254 Cases in U.S. District Cts. Rather than substitute the new appropriate respondent, *see* Fed. R. Civ. P. 25(d), the Court leaves the case caption unchanged because, as explained below, the petition fails on its merits and the Court therefore has no occasion to order any relief.

assistance of counsel based on trial counsel's mishandling of psychiatric evidence, (*id.* at 12). On May 1, 2020, the Court referred the petition to Magistrate Judge Anne Y. Shields for a report and recommendation. (Order dated May 1, 2020.) By report and recommendation dated October 20, 2020, Judge Shields recommended that the Court deny the petition (the "R&R"). (R&R, Docket Entry No. 33.)

For the reasons set forth below, the Court adopts the R&R in its entirety and dismisses the petition.

I. **Background**

The Court assumes familiarity with the facts of the case as set forth in detail in the R&R and *People v. Gonzalez*, 884 N.Y.S.2d 193 (App. Div. 2009), *appeal denied*, 13 N.Y.3d 859 (2009).

Petitioner was charged in an Indictment with one count of murder in the second degree and two counts of criminal possession in the second degree. (Answer ¶ 5.) Prior to the commencement of the pre-trial suppression hearing, Petitioner was evaluated by a court-appointed defense psychiatrist on February 19, 2007, and May 12, 2007, in response to Petitioner's defense of extreme emotional disturbance.[2] Upon Petitioner's request, McElwee sent the prosecutors a proposed disposition of the matter and the psychiatrist's report. (McElwee Aff. ¶ 8.) On June 28, 2007, Justice Robert W. Doyle commenced the suppression hearing in the State Court. (*Id.*) Following the afternoon recess, Petitioner withdrew his not guilty plea and pleaded guilty to manslaughter in the first degree and two counts of criminal possession of a

---

[2] On December 31, 2012, in response to the Court's order dated December 7, 2012, Petitioner's State Court defense counsel, Craig E. McElwee, provided the Court with the defense psychiatrist's final report. (*See* Order dated Dec. 7, 2012; Affirmation of Craig McElwee ("McElwee Aff."), Docket Entry No. 24.)

2

weapon in the second degree in exchange for the prosecution's recommendation that Petitioner be sentenced to twenty-five years' incarceration for the top count and to concurrent terms of imprisonment for the remaining two counts of conviction.[3]  (Answer ¶ 5.)

On September 19, 2007, the State Court sentenced Petitioner consistent with the terms of the plea agreement.  *See Gonzalez*, 884 N.Y.S. at 193.  Petitioner appealed his sentence to the State of New York Appellate Division, Second Department (the "Appellate Division") and on July 7, 2009, the Appellate Division affirmed Petitioner's sentence.  *Id.*  On November 6, 2009, the New York State Court of Appeals denied Petitioner's request for leave to appeal.  *See People v. Gonzalez*, 13 N.Y.3d 859 (2009).  Petitioner filed a petition for a writ of error coram nobis with the Appellate Division, seeking to vacate the July 7, 2009 decision for ineffective assistance of appellate counsel.  *See People v. Gonzalez*, 976 N.Y.S.2d 890 (App. Div. 2013).  On December 26, 2013, the Appellate Division denied the petition and held that Petitioner failed to establish that he was denied the effective assistance of appellate counsel.  *Id.*

On July 12, 2010, Petitioner brought a petition for a writ of habeas corpus in the Eastern District of New York.  (Pet., *Gonzalez v. Lee*, No. 10-CV-3366 (E.D.N.Y. July 12, 2010), Docket Entry No. 1.)  On August 3, 2011, Judge Joanna Seybert denied Petitioner's request for a stay and dismissed the petition as premature.  (Mem. and Order, Docket Entry No. 11, *Gonzalez v. Lee*, No. 10-CV-3366 (E.D.N.Y. Aug. 3, 2011).)  On September 7, 2010, while Petitioner's request for a writ of habeas corpus was still pending before Judge Seybert, Petitioner filed a motion in State Court to vacate his conviction, pursuant to New York Criminal Procedure Law §§ 440.10(1)(h) and (4), and 440.20(1) ("Section 440 Motion").  (Answer ¶ 11.)  On May 4,

---

[3] McElwee attested to the circumstances surrounding Petitioner's guilty plea as described above.  (McElwee Aff.)

3

2011, the State Court issued an order denying Petitioner's Section 440 Motion. (Letter dated Jan. 7, 2013, Docket Entry No. 26.) Petitioner's application for leave to appeal to the Appellate Division was denied on September 7, 2011, (Answer ¶ 14), and Petitioner filed the instant petition on September 23, 2011, (Pet.).

## II. Report and Recommendation

In the R&R, Judge Shields recommended that the Court deny Petitioner's request for a writ of habeas corpus finding that: (1) Petitioner's claim that his guilty plea was invalid is procedurally barred because Petitioner failed to raise the claim on direct appeal and, in any event, "the record is abundantly clear that Petitioner specifically conceded that he intended to seriously injure his victim, and [his] factual allocution established all of the necessary elements of [m]anslaughter in the [f]irst [d]egree," (R&R 15, 17–18 (first citing *Panuccio v. Kelly*, 927 F.2d 106 (2d Cir. 1991); and then citing Plea Tr. 67:13-17)); and (2) "Petitioner is unable to establish that defense counsel's performance was deficient, or that he was prejudiced by counsel's representation" and therefore cannot establish that the "State Court's decision to deny [his] ineffective assistance of counsel claim was . . . contrary to, [or] an unreasonable application of, the *Strickland* standard" as required under the relevant legal framework," (*id.* at 19, 22).

## III. Discussion

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "Where parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)); *see also*

*Almonte v. Suffolk Cnty.*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) ("Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" (first quoting *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997); and then citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's [r]eport and [r]ecommendation if the party fails to file timely objections designating the particular issue." (first citing *Cephas*, 328 F.3d at 107; and then citing *Mario*, 313 F.3d at 766)).

No objections to the R&R have been filed and the time for doing so has passed. The Court has reviewed the unopposed R&R and, finding no clear error, adopts the R&R pursuant to 28 U.S.C. § 636(b)(1).

IV. **Certificate of appealability**

Having denied the petition for a writ of habeas corpus, the Court denies a certificate of appealability for all of Petitioner's claims. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) Gov'g § 2254 Cases in U.S. Dist. Cts. A court must issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This means that a habeas petitioner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or

that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). "This threshold question should be decided without 'full consideration of the factual or legal bases adduced in support of the claims.'" *Buck v. Davis*, 580 U.S. ---, ---, 137 S. Ct. 759, 773 (2017) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)). "Obtaining a certificate of appealability 'does not require a showing that the appeal will succeed,' and "[courts] should not decline the application . . . merely because [they] believe[] the applicant will not demonstrate an entitlement to relief." *Welch v. United States*, 578 U.S. ---, ---, 136 S. Ct. 1257, 1263–64 (2016) (quoting *Miller-El*, 537 U.S. at 337). In fact, a certificate of appealability may issue even if "every jurist of reason might agree, after the [certificate of appealability] has been granted and the case has received full consideration, that petitioner will not prevail." *Miller-El*, 537 U.S. at 327.

The Court denies a certificate of appealability as to Petitioner's claim that his guilty plea was invalid because no reasonable jurist could find that Petitioner's factual allocution failed to establish all of the necessary elements of manslaughter in the first degree. (*See* Plea Tr. 67:13–17.) The Court likewise denies a certificate of appealability as to Petitioner's ineffective assistance of counsel claim as no reasonable jurist could find McElwee's performance was deficient or that his representation prejudiced Petitioner. To the contrary, the record clearly demonstrates that McElwee prepared a defense, including arranging for the court appointment of a psychiatric expert who prepared a psychiatric report that McElwee then had translated into Spanish for Petitioner to review, and that McElwee effectively advocated for Petitioner in negotiating a reduced charge. (McElwee Aff. ¶¶ 5, 7, 10, 12.) Accordingly, Petitioner is not entitled to a certificate of appealability on this claim. *See* 28 U.S.C. § 2253.

## V. Conclusion

The Court adopts the R&R in its entirety pursuant to 28 U.S.C. § 636(b)(1). Accordingly, the Court denies the petition. The Court also denies a certificate of appealability for all claims. The Clerk of Court is respectfully directed to mail a copy of the decision to Petitioner and close this case.

Dated: June 21, 2021
      Brooklyn, New York

SO ORDERED:

/s MKB
MARGO K. BRODIE
United States District Judge